Brown *vs.* Sims.

---

A. B. BROWN, plaintiff in error, *vs.* WILLIAM SIMS, defendant in error.

A plea which simply alleges that the defendant lost property during the war, without connecting the plaintiff with the loss, is not sufficient, if sustained by proof, to authorize the jury to reduce the amount of the debt, no matter whether it was contracted before or since 1st June, 1865, and it was not error in the Court to sustain the demurrer to the plea, and order it to be stricken.

Relief Act. Demurrer. Before Judge HARRELL. Stewart Superior Court. April Term, 1869.

Sims sued Brown upon his promissory note, made on the 4th of March, 1867.   Brown plead that the consideration of said note was a debt contracted before June, 1865, and when he then owned land and about twenty slaves, worth about $20,000, and by the emancipation of the said slaves he lost $15,000, and therefore, claimed the benefit of the Relief Act. Sims' attorneys demurred to the plea, because the note sued on was made since June, 1865.   The demurrer was sustained, and that is assigned as error.

E. H. BEALL, J. L. WIMBERLY, for plaintiff in error.

M. GILLIS, by the Reporter, for defendant, said the Court was right, without regard to the date of the note.

BROWN, C. J.

In this case the note sued upon was dated since the first of June, 1865, but was given for a debt in existence prior to that date.   The plea set up under the Relief Act is simply, that the defendant lost property during the war.   To this plea a demurrer was filed, and after argument, the Court sustained the demurrer and ordered the plea to be stricken, and this ruling is assigned as error.   This Court has ruled repeatedly that the loss of property by the defendant during the war, without the fault or wrongful act of the plaintiff, raises no such equity between the parties as authorizes the jury to reduce the amount of the debt.   And this is true without regard to the time when the debt was contracted or the note given.

As this plea did not state, in compliance with the statute, "in what manner the property was destroyed or lost, and by whose default," and did not set up a defence, which, if sustained by proof, would authorize the jury to reduce the amount of the debt, the Court committed no error in sustaining the demurrer and ordering the plea to be stricken.

Judgment affirmed.